**Curtis James WALTERS,**
**Plaintiff–Appellant,**

v.

**CITY DEPARTMENT OF CORRECTION, State Department of Correction, John Doe, Federal Agent, S. Hornstein, S. Romdhanie, Court Reporter, Defendants,**

**42**

Heather Manley, A.D.A., Defendant–
Appellee.*

No. 11–3112–cv.

United States Court of Appeals,
Second Circuit.

April 9, 2013.

Curtis James Walters, Astoria, NY, pro
se.

Mordecai Newman, Larry Sonnenshein
& Graham Morrison, for Michael A. Car-
dozo, Corporation Counsel of the City of
New York, New York, NY, for Appellee.

Present: BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR., SUSAN L.
CARNEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED,
AND DECREED that the judgment of the
District Court is AFFIRMED.

Appellant Curtis James Walters, pro-
ceeding *pro se,* appeals from the District
Court's judgment dismissing his 42 U.S.C.
§ 1983 action pursuant to Rule 12(c) of the
Federal Rules of Civil Procedure. We
assume the parties' familiarity with the
facts and record of the prior proceedings,
to which we refer only as necessary to
explain our decision to affirm.

"We review a judgment under Federal
Rule of Civil Procedure 12(c) de novo,
accepting the complaint's factual allega-
tions as true and drawing all reasonable
inferences in the plaintiff's favor." *Grazi-
ano v. Pataki,* 689 F.3d 110, 114 (2d Cir.
2012). "To survive a Rule 12(c) motion,
the complaint must contain sufficient factu-
al matter to 'state a claim to relief that is
plausible on its face.'" *Id.* (quoting *Bell
Atl. Corp. v. Twombly,* 550 U.S. 544, 570,
127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
"A claim has facial plausibility when the
plaintiff pleads factual content that allows
the court to draw the reasonable inference
that the defendant is liable for the miscon-
duct alleged." *Ashcroft v. Iqbal,* 556 U.S.
662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868
(2009). Although all factual allegations
contained in the complaint are assumed to
be true, this tenet is "inapplicable to legal
conclusions." *Id.*

We affirm the District Court's judgment
substantially for the reasons stated in its
order entered on July 6, 2011. *See Walter
v. City Dep't of Corr.,* No. 09 Civ.
236(SHS), 2011 WL 2749877 (S.D.N.Y.
July 6, 2011). Specifically, we conclude
that Walters's claims are time-barred.
The limitations period for a claim under 42
U.S.C. § 1983 arising in New York is three
years. *See Murphy v. Lynn,* 53 F.3d 547,
548 (2d Cir.1995). A claim accrues, and
the limitations period begins to run, "when
the plaintiff knows or has reason to know
of the injury which is the basis of his
action." *Covington v. City of New York,*
171 F.3d 117, 121 (2d Cir.1999) (quotation
marks omitted). The statute of limitations
on a malicious prosecution claim begins to
run "when the underlying criminal action
is conclusively terminated." *Murphy,* 53
F.3d at 548. The limitations period for

* The Clerk of Court is respectfully directed to
amend the official caption to conform with        the above.

Walters's claims therefore started to run, at the latest, on April 2, 2004, the day he was acquitted of the drug charges. To the extent Walters claims that he learned of his injury when a federal agent, attending his 2004 trial, stated that Walters had not killed the victim whose death served as the basis for his 1983 manslaughter conviction, his statute of limitations argument based on that claim must fail. The agent's alleged testimony occurred no later than April 2, 2004, the date of Walters's acquittal. Therefore, the limitations period terminated no later than April 2, 2007, and this action, commenced in July 2008, is time-barred.

Walters does not argue on appeal that the limitations period should have been tolled because he was disabled due to insanity at the time his cause of action accrued. *See* N.Y. C.P.L.R. § 208. He has therefore abandoned this argument. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995) (holding, in the context of a *pro se* appeal, that issues not raised in an appellate brief are abandoned).

We have considered all of Walters's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.